UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID CARUSO,<br>    Plaintiff,<br><br>v.<br><br>CENTRAL FALLS DETENTION<br>FACILITY CORPORATION, d/b/a<br>WYATT DETENTION FACILITY,<br>    Defendant. | C.A. No. 16-596-JJM-PAS |

## ORDER

David Caruso brings claims of age discrimination against his former employer, the Central Falls Detention Facility, d/b/a Wyatt Detention Facility ("Wyatt"). He had worked at Wyatt for seven months as the Director of Training and Development. Wyatt let him go after his supervisor announced a reorganization that eliminated his position and divided his duties between two existing employees. Because Mr. Caruso has not established a prima facie case of age discrimination, the Court GRANTS summary judgment to the Defendant. ECF No. 16.

Wyatt has had many financial challenges. As a result, the Wyatt Board instructed Warden Daniel W. Martin to find costs savings. Warden Martin determined that he could reorganize the Training Department at Wyatt and eliminate the Director's $60,000 per year job and transfer the Director's responsibilities to two other existing Wyatt employees. Mr. Caruso was 55 years old. Wyatt divided Mr. Caruso's responsibilities between the Chief of Support Services

and a newly created position of Training Coordinator. An existing employee, a member of the Training Academy, assumed the Training Coordinator's position. The two existing employees who assumed his responsibilities were younger than Mr. Caruso.

Mr. Caruso sued Wyatt alleging age discrimination under federal and state laws. After all discovery concluded, the Defendant filed a Motion for Summary Judgment (ECF No. 16), Mr. Caruso objected (ECF No. 23), and Wyatt replied (ECF No. 31). When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party. *Continental Cas. Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Once this is done, Rule 56(c) requires that summary judgment be granted if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. A material fact is one affecting the lawsuit's outcome. *URI Cogeneration Partners, L.P. v. Bd. of Governors for Higher Educ.*, 915 F. Supp. 1267, 1279 (D.R.I. 1996).

*Analysis*

Because there is no direct evidence of discrimination, the Court follows the familiar analysis enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).[1] The Plaintiff must establish a prima facie case of age discrimination, the Defendant must then set forth a legitimate nondiscriminatory reason for the adverse

---

[1] State discrimination claims follow the same analysis.

2

employment action, finally, the Plaintiff must then show that the stated reason was in fact a pretext for a prohibitive reason.

To prove a prima facie case of age discrimination, Mr. Caruso must show "that (i) [he] was over the age of forty, (ii) his work was sufficient to meet his employer's legitimate expectations, (iii) his employer took adverse action against him, and (iv) the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for such services." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991).

Wyatt asserts that Mr. Caruso has failed to prove a prima facie case of age discrimination because he cannot show that Wyatt sought a "replacement" for his position, the fourth factor above. Wyatt argues that redistribution of duties to existing employees is not a replacement.

Mr. Caruso asserts that he meets all four factors for proving a prima facie claim of age discrimination, including the fourth. He argues that he was "replaced by a person with roughly equivalent job qualifications, demonstrating a continuing need for his position." ECF No. 23 at 8. When Mr. Caruso's subordinate took over the newly created position of Training Coordinator, she "performed the same duties as Mr. Caruso's former position of Director of Training." *Id.*

The facts are undisputed that Wyatt did not replace Mr. Caruso, but rather redistributed his job responsibilities to existing employees to save the costs of his position because of Wyatt's severe financial condition. This redistribution of responsibilities does not equate to replacement under the law of age discrimination.

3

"A discharged employee 'is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work.'" *Hidalgo v. Overseas Condado Ins. Agencies, Inc.*, 120 F.3d 328, 334 n.6 (1st Cir. 1997) (quoting *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 846 (1st Cir. 1993)). In reorganizing the training department, Wyatt went from three people to two people, with the two remaining employees assuming the added responsibilities previously held by Mr. Caruso.

Because Mr. Caruso has not proven that Wyatt "sought a replacement" for him after letting him go, he has failed to prove a prima facie case of age discrimination. The Court thus GRANTS Defendant's Motion for Summary Judgment. ECF No. 16.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 8, 2019